# THE MECHANICS' FIRE INSURANCE COMPANY *a.* THE PEOPLE.

*Supreme Court, First District ; Special Term, April,* 1858.

*Again, Special Term, July,* 1858.*

DISSOLUTION OF CORPORATION.—RES ADJUDICATA.

An action was brought in the names of a corporation, and of individual stock-
holders thereof, which had been declared dissolved by judgment of the Supreme
Court, charging that the proceedings were irregular and without foundation,
and that the dissolution was obtained by fraud and collusion of the person ap-
pointed receiver and the former attorney of the corporation (who with the
people of the State were made defendants), and seeking to have the judgment
of dissolution vacated, and the corporation declared to be existing, and for
damages against the individual defendants.

*Held,* that such action could not be maintained. The court having had juris-
diction of the subject-matter of the proceedings for dissolution, the regularity
of the mode of the application, or the subsequent proceedings, could not be
litigated collaterally in a new action.

Demurrer to complaint, and motion for an injunction.

The action was brought by the Mechanics' Fire Insurance
Company of New York, and a number of individuals, as plain-
tiffs against the People of the State, and John Jay and Charles
E. Whitehead.

The complaint, which stated that the action was brought by
the plaintiffs on behalf of themselves and all others having
similar interests in the subject-matter, and who desired to be
made parties, alleged that the individual plaintiffs were stock-
holders in the corporation plaintiff, and were in the aggregate
owners of more than two thirds of the stock : that the company
was duly incorporated under the laws of the State, and com-
menced and continued business until 1st of December, 1855,
when it was forbidden to continue business by an order of the

* Appeals were taken from both these decisions to the general term, where
they were affirmed in November, 1858. Present, DAVIES, P. J., CLERKE and INGRA-
HAM, JJ.

Supreme Court; and that the individual defendants had been the counsel of the company, and one of them a stockholder and director. The complaint further set forth in detail the condition of the company at the time of the cessation of its business pursuant to the order, and alleged that it was doing a safe and lucrative business, and was prudently conducted, and in all respects solvent and sound. It then alleged that the individual defendants, conspiring with divers persons unknown to the plaintiffs, procured the attorney-general of the State to take proceedings for the dissolution of the company; and that without any suit, but merely upon a petition verified by the assistant attorney-general, and which was not based upon any sworn or verified papers, the order forbidding the company to continue business was obtained: that the ground of the proceeding was, that the company did not possess the amount of capital required by the statute; but that the officers were never required or permitted to call on the stockholders to pay in any alleged deficiency, nor were the stockholders ever required to show cause why the business should not be closed up, except by the order referred to, which was addressed to the company, and which forbid the carrying on of the business in the mean time. The complaint then proceeded to set out subsequent proceedings in the matter up to the appointment of one of the individual defendants as receiver. It was further stated that proceedings were taken by some of the stockholders to set aside those proceedings, and that after a reference the attorney-general discontinued the proceedings.[*] The complaint further, and at considerable length, and in detail, charged fraud and collusion upon the individual defendants in procuring one of their number to be appointed receiver, and stated the damages sustained by the company at $50,000.

The demand for judgment was, that the proceedings be declared illegal and void, and that the company be declared to be a corporation, and in case its capital was found insufficient, the deficiency should be ordered to be paid in, and that the receiver be ordered to return the property of the company to it, and that the company have judgment against the individual defend-

---

[*] See 5 *Ante,* 444. The decision there reported was affirmed at general term, November, 1857. Present, MITCHELL, P. J., CLERKE and PEABODY, JJ.

ants for their damages; and that in the mean time they be restrained from interfering with the affairs of the company, or the receivership.

I. *April*, 1858. Demurrer to complaint.

The individual defendants severally demurred upon the following grounds:

1. That the plaintiff, the Mechanics' Fire Insurance Company, had not legal capacity to sue, in that it was dissolved on the 7th of December, 1855, by the Supreme Court.

2. That there was another action pending between the same parties for the same cause, as appeared in the complaint.

3. That there was a defect of parties plaintiffs in making the company a plaintiff, and a defect of parties defendant in making the People of the State of New York a party defendant.

4. That several causes of action were improperly united, to wit: The claim for the revival of the company, the claim for a return of the property described in the complaint, and the claim for damages.

5. That the complaint did not state facts sufficient for a cause of action.

CLERKE, J.—This is another attempt to test the validity of the order of this court of the 7th December, 1855, declaring the dissolution of this company; which order has been in all respects ratified by the general term of this district. It cannot be reviewed in this form now. The court has not sanctioned or ratified the discontinuance referred to in the complaint. Several distinct causes of action have also been improperly united in the complaint.

Judgment for the defendants on the demurrer, with costs.

II. *July*, 1858. Motion for injunction.

Pending an appeal from this decision, the motion for an injunction was heard, and the following decision rendered:

INGRAHAM, J.—I do not propose to examine the questions raised by the plaintiffs as to the proceedings for the appointment of a receiver, because it appears to me that those questions cannot be made available in the present action.

The court had jurisdiction of the subject-matter of those proceedings, and had power to dissolve that corporation and to appoint a receiver. Having that power, and having the defendants within their jurisdiction, so as to exercise over them the power conferred by law, any irregularity in the exercise of those powers can only be reviewed in the proceedings in which that irregularity exists.

Whether, therefore, the proceeding sets forth in the application to the court sufficient to warrant the court in entertaining the application, or whether the proceeding should be by action or by petition, are not questions which can be raised collaterally.

Another reason why I am of opinion that these matters cannot be reviewed in the present action is, that the same have been adjudicated by this court in the original proceeding, to which the company is a party directly, and to which also the other plaintiffs were parties by being stockholders and officers of the company. (5 *Abbotts' Pr. R.*, 444.)

As between the parties to that proceeding the whole matter is *res adjudicata*, and can only be reviewed on appeal as to the third persons; it is the decision of one branch of this court, affirmed by the general term, and therefore controlling any decision I may be called upon to make on similar questions.

Something has been said about allowing the company to revive its powers, and carry on again the business of insurance. It is sufficient in answer to that, to say that no such permission can be obtained in this action. Upon payment of the debts of the company, the receiver's powers are at an end. Until that is done, I see no relief in this court but by an appeal to the Court of Appeals from the decision of the general term.

Whatever may be my view of the questions originally discussed, or of the regularity of the proceedings, I feel compelled to follow the views heretofore expressed by this court. The motion for an injunction is denied.